UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

E.B., an Individual and an
American Airline Passenger,

      Plaintiff,

vs.

U.S. DEPARTMENT OF JUSTICE
Office of the United States Attorney, For
Eastern District of New York,
Serve: The United States Attorney for the
Eastern District of New York, located at
271 Cadman Plaza, East, Brooklyn, NY 11201

      Defendants.

Case No.:_____

Related Case No.: 1:22-cv-04815-ENV-JRC

---

**COMPLAINT AND REQUEST FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff E.B. ("Plaintiff") for this complaint against Defendants DEPARTMENT OF JUSTICE ("DOJ") or "Department") and its agency the FEDERAL BUREAU OF INVESTIGATION (FBI) due to actions and failures of the FBI at issue in this complaint, by counsel, alleges on information and belief:

**NATURE OF COMPLAINT AND PLAINTIFF**

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a, (hereinafter sometimes FOIPA when referring to both Acts) to compel the production of information from the DOJ, and more specifically from its agency the FBI, relating to a wrongful arrest, confinement, searching and reading phones and cameras and other personal devices, interrogation, photographing of person and property and other activities conducted, witnessed, directed, instructed or consented by the FBI as requested in a FOIA and

1

Privacy Act request dated March 4, 2022, a copy of which is attached hereto as Exhibit A, with Plaintiff's name redacted to avoid further damage to Plaintiff.

2. Plaintiff's FIOA and Privacy Act Request went unanswered despite several requests to the FBI to respond to the request, until Plaintiff filed a Complaint in related case number 1:22-cv-04815-ENV-RLM. (D.E. 32) The only responses from the FBI, prior to a lawsuit being filed by Plaintiff on January 5, 2023, are attached as Exhibits B and D, despite further requests by the Plaintiff on January 5, 2023. See Exhibit C.

3. After Plaintiff filed suit in the related case 1:22-c04815-ENV-JRC, counsel for Plaintiff was contacted by an Assistant U.S. Attorney for the U.S. Attorney's Office for the Eastern District of New York, who advised the FBI had responsive documents and was reviewing the same, but the U.S. Attorney requested more time to respond to the Complaint; specifically, an additional 60 days. Counsel for the Plaintiff agreed.

4. The FBI was granted an extension to respond to the Complaint.

5. On June 16, 2023, the U.S. Attorney's Office again requested an extension, 30 days this time, and stated a production was coming from the FBI.

6. The FBI was granted another 30-day extension to respond to the Complaint.

7. On or about June 17, with a letter dated June 16, 2023, well over a year after the request, some responsive documents were sent to counsel for the Plaintiff.

8. The FBI letter stated the FBI had 80 pages of responsive documents, but the FBI was only releasing 39 pages. See Exhibit E.

9. The FBI listed its reasons for withholding 41 of the 80 responsive pages as follows:

    A.    Section 552. Freedom of Information Act

 (b)(3) specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

 (b)(5) inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

 (b)(6) personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

 (b)(7) records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information, … ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, … ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law

 B. Section 552(a), Privacy Act

 (j)(2) material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

 C. 50 U.S.C §3024(i)(1) Protection of Intelligence Sources and Methods

 (1) The Director of National Intelligence shall protect, and shall establish and enforce policies to protect, intelligence sources and methods from unauthorized disclosure.

10. The FBI provided, as further justification for withholding more than half of the requested documents, their standard FBI FOIPA Addendum, but which did not address the specific documents, or the specific information withheld.

11. Thereafter, on July 10, 2023, at a status conference before U.S. Magistrate James R. Cho, in related case 1:22-cv-04815-ENV-JRC, Judge Cho directed Plaintiff to commence this separate FOIA action against the FBI and upon filing relate this case to related case 1:22-c04815-ENV-JRC.

12. Plaintiff has no remedy but to file this further separate action to compel the DOJ, and its agency the FBI, to further comply with Plaintiff's FOIA and Privacy Act requests because the wrongful arrest and false imprisonment of Plaintiff are the subjects of ongoing litigation in New York and this discovery is urgently needed in the interest of justice and not for purposes of

harassment or delay or concerning any records, files or information of any person other than Plaintiff, who was not charged with any crime, neither felony or misdemeanor, or any wrongdoing whatsoever.

13. Because the FBI was present and participated as indicated above and in the pending related Complaint in this matter, Plaintiff believes the FBI has reports including additional reports of interviews and or other written or recorded records of what transpired on that terrible day in New York when Plaintiff was falsely accused of being an airline terrorist and wrongfully arrested, confined and interrogated. While the FBI later told Plaintiff when finally letting him go, that it was "all a big misunderstanding," that excuse does not permit the FBI to withhold production of materials pertaining to Plaintiff and responsive to the FOIA and Privacy Act Request at issue herein.

14. E.B. is an innocent man. The FBI, in writing, has confirmed and concluded, "…an actual threat against the aircraft was not deemed credible," and the false allegation, "does not warrant further investigation. No law enforcement action was deemed to be necessary." E.B. was "no threat to national security."

## JURISDICTION, VENUE AND SERVICE CONCERNING THIS FEDERAL DEFENDANT

15. Defendant DOJ is a federal agency of the United States within the meaning of 5 U.S.C. § 552(f)(1) whose mission is to "uphold the rule of law, to keep our country safe and to protect civil rights." See About DOJ; Our Mission, *found* at https://www.justice.gov/our-work (accessed April 6, 2023). The FBI is an agency of the DOJ. See https://www.justive.gov/agencies/chart (accessed April 6, 2023).

16. The Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA) and 5 U.S.C. Section 552a(g)(1)(B) (Privacy Act). Plaintiff has exhausted all administrative remedies as set

forth hereinbelow, even though and exhaustion requirement is not part of and not jurisdictional (See https://justice.gov/opcl/overview-privacy-act-1974-edition/remedies#1B, accessed April 6, 2023) and sovereign immunity is not a defense (Id.)

17. The Privacy Act sets forth the standard of review and that is the United States District Court "shall determine this matter de novo." 5 U.S.C. Section 552a(g)(3)(A).

18. This Honorable Court has jurisdiction under 28 U.S.C. § 1331 because the resolution of disputes under FOIA and the Privacy Act presents a federal question.

19. This Honorable Court also has jurisdiction pursuant to 28 U.S.C. § 1346 as the United States is a Defendant.

20. This Honorable Court further has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over all claims that are so related that they form a part of the same case or controversy under Article III of the U.S. Constitution and including joinder or intervention of additional parties.

21. The reports, recordings, photographs and other records of what happened to Plaintiff are integral to the pending underlying related case litigation, both for Plaintiff and for Defendants therein. All parties are in need of these records to pursue justice in this matter.

22. The FBI has an obligation to keep proper records of its investigative activities including interviews, detentions, searches and photographing of persons and property. The FBI field office at issue in this case is in this federal court district and the activities at issue occurred in this federal court district, specifically Plaintiff was arrested, handcuffed, incarcerated, searched, interrogated and photographed by the FBI and others on the tarmac and in a holding cell at La Guardia Airport in this federal district.

23. Plaintiff was released by the FBI with the FBI stating in the federal court district, "It was all a big misunderstanding."

24. Plaintiff was dumped in this federal court district at a taxi stand with his possessions in the dead of night with no further explanation and is an innocent man merely trying to get the 80 pages of records compiled against him based on false accusations.

25. Venue is proper in this Court under 28 U.S.C. § 1391(b) because the FBI office involved in the false arrest and false imprisonment of Plaintiff is in this district.

### FACTS SPECIFIC TO THIS COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

26. On March 4, 2022, Plaintiff, by counsel filed a FOIA and Privacy Act Request, but he is identified in the ongoing litigation in related case 1:22-c04815-ENV-JRC, by initials E.B. to protect Plaintiff's name, job, work, and reputation from any further damage by the false arrest and wrongful imprisonment of E.B. as set forth the in the related complaint filed in the U.S. District Court for the Eastern District of New York. In the FOIA and Privacy Act Request, attached hereto as Exhibit A, his name and file request number are blacked out to protect the privacy of Plaintiff.

27. On March 11, 2022, the FBI responded to the request and instructed Plaintiff to check online for the responsive documents. See Exhibit B.

28. Plaintiff's counsel checked online for the documents, but many months went by and the FBI failed to provide the documents.

29. Plaintiff's counsel wrote the FBI on January 5, 2023, requesting the documents requested in Plaintiff's March 2022 request. See Exhibit C.

30. The FBI responded it would not timely provide the documents even though it had already blown past the statutory deadline. See Exhibit D.

31. On April 12, 2023, Plaintiff sued the FBI in related case 1:22-c04815-ENV-JRC.

32. On June 16, 2023, the FBI advised the U.S. Attorney it had 80 responsive pages.

6

33. On or about June 17, 2023, or thereafter, the U.S. Attorney produced 39 of the 80 pages, many having been redacted.

34. The FBI refused to produce 41 of the 80 pages.

## FIRST CLAIM FOR RELIEF

### Failure to Timely Conduct Adequate Searches for Responsive Records

35. Plaintiff re-alleges all other paragraphs of this complaint as though fully set out herein.

36. FOIA requires all doubts to be resolved in favor of disclosure. "Transparency in government operations is a priority of th[e Biden] …Administration." Attorney General, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines*, on 4 March 15, 2022 (accessed online on April 6, 2023, U.S. Department of Justice).

37. Plaintiff properly requested records within the possession, custody, and control of Defendant.

38. Defendant is subject to FOIPA and therefore was required to make reasonable efforts to search for requested records.

39. Defendant failed to promptly search for and review agency records for the purpose of locating and collecting those records responsive to Plaintiff's FOIPA Request, and when it did, only after being sued, produced only 39 of 80 pages which the FBI identified as responsive to the requests of E.B., an innocent person.

40. Plaintiff has a statutory right to the information sought.

41. Defendant is in violation of FOIPA and has put forth inadequate reasons for the withholding of documents from the Plaintiff, and for not providing document-specific descriptions and justifications.

42. The administration of justice as well as all parties in the underlying case are being irreparably harmed by reason of Defendant's continuing violation of FOIPA. Plaintiff is being denied information to which Plaintiff is statutorily entitled and which information is crucial to pending litigation in this Honorable Court.

43. There has already been discovery in related case 1:22-cv-04815-ENV-JRC, in which Plaintiff learned:

   a. All five (5) airline crew members (one not working as crew on the flight) gave both written and verbal statements to the FBI;

   b. Adult passengers (believed to be husband and wife) in the same Row 13 as E.B., including the female passenger complaining witness and the male supporting/complaining witness, gave written and oral statements to the FBI.

   c. The written statements of the witnesses were completed in a room together, where the alleged witnesses freely talked and compared notes, and/or exchanged information, cross-contaminating the independent and objective reports and rendering them full of hearsay, leading them to report observations and statements not actually seen and heard by the alleged witnesses;

   d. While writing statements, the witnesses provided each other information which they did not independently see, hear, or otherwise witness.

   e. By the FBI permitting the preparation of these statements in a group format, the witnesses told each other things they did not see or observe.

   f. Thereafter the FBI interviewed the witnesses.

44. The FBI has failed to produce any of the handwritten statements.

45. The FBI has failed to produce all interviews of all passengers interviewed, including one passenger believed to be the husband of the complaining witness in Row 13.

46. The FBI has failed to produce their reports setting forth the details of how the written statements were prepared by the witnesses gathered in a group, and the FBI interviews occurred thereafter.

47. On information and belief, none of the witnesses are U.S. Department of Justice or FBI Confidential Informants, and none had a previous relationship providing information to the U.S. Department of Justice or the FBI, yet the FBI has withheld documents as if they were Confidential Informants.

48. E.B. was not at the time of the flight, or any time thereafter, on any watch list or "do not fly list," a fact confirmed by discovery in related case 1:22-c04815-ENV-JRC.

49. All such above materials should be and must be produced, along with the photographs and other documents and recordings stored by the FBI agent investigating E.B. on what is believed to be the FBI agent's phone, either personal or government issued.

50. Plaintiff also seeks all other materials which may be shown to be relevant and subject to production, as this case progresses.

51. Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the law and produce the requested documents.

52. Plaintiff has no other adequate remedy at law.

53. Plaintiff has constructively exhausted administrative remedies although the Privacy Act does not require the same within the language of the Act.

54. The FBI has already admitted Plaintiff committed absolutely no offenses and posed no threat and was wrongfully accused of terrorism.

**SECOND CLAIM FOR RELIEF**

**Wrongful Withholding of Responsive Records**

55. Plaintiff re-alleges all other paragraphs of this complaint as though fully set out herein.

56. FOIPA requires all doubts to be resolved in favor of disclosure. "Transparency in government operations is a priority of th[e Biden] … Administration." Attorney General *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022) (Accessed online on April 6, 2023, U.S. Department of Justice website).

57. Plaintiff properly requested records within the possession, custody, or control of Defendant.

58. Defendant is subject to FOIPA, and therefore must release to a FOIPA requester any non-exempt records and provide a lawful reason for withholding any records.

59. Defendant wrongfully withheld 41 of 80 pages.

60. Defendant is wrongfully withholding non-exempt records requested by Plaintiff by failing to produce any records responsive to Plaintiffs' FOIPA Request.

61. Defendant is wrongfully withholding non-exempt-agency records requested by Plaintiff by failing to segregate exempt information in otherwise non-exempt records responsive to Plaintiffs' FOIPA Request.

62. Defendant's failure to provide all non-exempt responsive records violates FOIPA and DOJ regulations.

63. Plaintiff has a statutory right to the information sought.

64. Defendant is in violation of FOIPA.

65. Plaintiff is being irreparably harmed by reason of Defendant's violation of FOIA. Plaintiff is being denied information to which Plaintiff is statutorily entitled and that is crucial to the administration of justice and to Plaintiff's pending litigation in this Honorable Court. Plaintiff will be irreparably harmed unless Defendant is compelled to comply with the law.

66. Plaintiff has no other adequate remedy at law.

67. Plaintiff has constructively exhausted administrative remedies even though the Privacy Act does not require the same within the language of the Act.

**WHEREFORE** as a result of the foregoing, Plaintiff requests this Honorable Court:

A. Order Defendants to produce the missing 41 of 80 responsive pages, including the written statements of the passengers and crew and the missing passenger and by any other interview(s), the documents revealing how witness statements were written and obtained and how the interviews were conducted, and specific and detailed indexes specifying any remaining withheld documents and justifying the withholding and any redactions of responsive records withheld in whole or in part under claim of exemption;

B. Enjoin the government Defendants from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIPA Request, including, but not limited to those set forth herein;

C. Retain jurisdiction over this matter as appropriate;

D. Award Plaintiff's costs and reasonable attorneys' fees in this action as provided by U.S.C. § 522; and

E. Grant such other and further relief as this Honorable Court may deem just and proper.

Dated: July 19, 2023                               Respectfully submitted,

 /s/Mary Schiavo_____
Donald A. Migliori, Esq.
(DM 0589)
Mary Schiavo, Esq.
SC Bar No. 10755 (*Admitted PHV*)
MOTLEY RICE, LLC
28 Bridgeside Blvd
Mt. Pleasant, SC 29464
Telephone: 843-216-9000
Facsimile: 843-216-9450
mschiavo@motleyrice.com

***Attorneys for Plaintiff***