UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| E.B., an individual and an American Airlines passenger, | **ANSWER** |
| Plaintiff, | Civil Action No. 23-cv-5462 |
| - against - | |
| U.S. DEPARTMENT OF JUSTICE, | (Gujarati, J.) (Scanlon, M.J.) |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Defendants DEPARTMENT OF JUSTICE ("DOJ") and FEDERAL BUREAU OF INVESTIGATION ("FBI") (collectively, "Defendants"), by and through their attorney, Breon Peace, United States Attorney, Eastern District of New York, and David Cooper, Assistant United States Attorney, of counsel, answer the correspondingly numbered paragraphs of the Complaint, upon information and belief, as follows:

The allegations set forth in the section entitled "**COMPLAINT AND REQUEST FOR DECLARATORY AND INJUNCTIVE RELIEF**" contains Plaintiff's characterization of his claim. Plaintiff's characterization requires no response. To the extent that a response is deemed to be required, Defendants deny.

**IN ANSWER TO THE SECTION TITLED
"NATURE OF COMPLAINT AND PLAINTIFF"**

1. Paragraph 1 of the Complaint consists of Plaintiff's legal conclusions, to which no response is required. To the extent that paragraph 1 may be deemed to contain factual allegations, Defendants deny.

2. Deny and aver that the FBI sent Plaintiff letters on March 11, 2022 and January 17, 2023.

3. Deny and respectfully refer the Court to the filing in *E.B. v. American Airlines*, No. 22-cv-4815 (E.D.N.Y.) (Vitaliano, J.) (Cho, M.J.) at ECF No. 34 for an accurate recitation of the procedural history regarding this matter.

4. Admit that the Court granted the request sought by Defendants, and respectfully refer the Court to the May 18, 2023 minute entry on the docket sheet in that action for an accurate summary of the Court's Order.

5. Deny and respectfully refer the Court to the filing in *E.B. v. American Airlines*, No. 22-cv-4815 (E.D.N.Y.) (Vitaliano, J.) (Cho, M.J.) at ECF No. 35 for an accurate recitation of the procedural history regarding this matter.

6. Admit that the Court granted the request sought by Defendants, and respectfully refer the Court to the June 20, 2023 minute entry on the docket sheet in that action for an accurate summary of the Court's Order.

7. The allegations contained in paragraph 7 of the Complaint purport to describe the contents of a letter sent from the FBI to Plaintiff dated June 16, 2023 ("June 2023 Letter"). Defendants aver that the referenced June 2023 Letter speaks for itself as to its contents, and therefore no response to this paragraph is necessary. To the extent this paragraph may be deemed to contain factual allegations, Defendants deny and respectfully refer the Court to the referenced June 2023 Letter for a complete and accurate statement of its contents.

8. The allegations contained in paragraph 8 of the Complaint purport to describe the contents of the June 2023 Letter. Defendants aver that the referenced June 2023 Letter speaks for itself as to its contents, and therefore no response to this paragraph is necessary. To the extent this paragraph may be deemed to contain factual allegations, Defendants deny and respectfully refer

the Court to the referenced June 2023 Letter for a complete and accurate statement of its contents.

9. The allegations contained in paragraph 9 of the Complaint purport to describe the contents of the June 2023 Letter. Defendants aver that the referenced June 2023 Letter speaks for itself as to its contents, and therefore no response to this paragraph is necessary. To the extent this paragraph may be deemed to contain factual allegations, Defendants deny and respectfully refer the Court to the referenced June 2023 Letter for a complete and accurate statement of its contents.

10. The allegations contained in paragraph 10 of the Complaint purport to describe the contents of the June 2023 Letter. Defendants aver that the referenced June 2023 Letter speaks for itself as to its contents, and therefore no response to this paragraph is necessary. To the extent this paragraph may be deemed to contain factual allegations, Defendants deny and respectfully refer the Court to the referenced June 2023 Letter for a complete and accurate statement of its contents.

11. Admit that on July 10, 2023, at a status conference in *E.B. v. American Airlines*, No. 22-cv-4815 (E.D.N.Y.) (Vitaliano, J.) (Cho, M.J.), the Honorable James M. Cho afforded Plaintiff the option to cure procedural defects with his complaint regarding his FOIA request, and respectfully refer the Court to the July 10, 2023 minute entry on the docket sheet in that action for an accurate summary of that status conference.

12. Paragraph 12 of the Complaint consists of Plaintiff's legal conclusions, to which no response is required. To the extent that paragraph 12 may be deemed to contain factual allegations, Defendants deny.

13. Paragraph 13 of the Complaint consists of Plaintiff's legal conclusions, to which no response is required. To the extent that paragraph 13 may be deemed to contain factual allegations, Defendants deny.

14. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint, and accordingly deny.

15. Paragraph 15 of the Complaint consists of Plaintiff's legal conclusions, to which no response is required. To the extent that paragraph 15 may be deemed to contain factual allegations, Defendants deny except admit that DOJ is a federal agency within the meaning of 5 U.S.C. § 552(f)(1) and aver that the FBI is the principal investigative arm of the DOJ.

### IN ANSWER TO THE SECTION TITLED "JURISDICTION, VENUE AND SERVICE CONCERNING THIS FEDERAL DEFENDANT"

16. Paragraph 16 of the Complaint consists of Plaintiff's legal conclusions, to which no response is required. To the extent that paragraph 16 may be deemed to contain factual allegations, Defendants deny.

17. Paragraph 17 of the Complaint consists of Plaintiff's legal conclusions, to which no response is required. To the extent that paragraph 17 may be deemed to contain factual allegations, Defendants deny.

18. Paragraph 18 of the Complaint consists of Plaintiff's legal conclusions, to which no response is required. To the extent that paragraph 18 may be deemed to contain factual allegations, Defendants deny.

19. Paragraph 19 of the Complaint consists of Plaintiff's legal conclusions, to which no response is required. To the extent that paragraph 19 may be deemed to contain factual allegations, Defendants deny.

20. Paragraph 20 of the Complaint consists of Plaintiff's legal conclusions, to which no response is required. To the extent that paragraph 20 may be deemed to contain factual

allegations, Defendants deny.

21. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint, and accordingly deny.

22. Deny.

23. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint, and accordingly deny.

24. Deny.

25. Paragraph 25 of the Complaint consists of Plaintiff's legal conclusions, to which no response is required. To the extent that paragraph 25 may be deemed to contain factual allegations, Defendants deny.

### IN ANSWER TO THE SECTION TITLED
### "FACTS SPECIFIC TO THIS COMPLAINT FOR
### DECLARATORY AND INJUNCTIVE RELIEF"

26. Deny except admit that on March 7, 2022, the FBI received a FOIA request from Plaintiff.

27. Deny except admit that on March 11, 2022, the FBI sent Plaintiff a letter acknowledging receipt of Plaintiff's FOIA request.

28. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint, and accordingly deny.

29. Deny except admit that the FBI received a letter from Plaintiff dated January 5, 2023, requesting expedited processing of Plaintiff's FOIA request.

30. Deny and aver that on January 17, 2023, the FBI sent Plaintiff a letter denying Plaintiff's request for expedited processing.

31. Deny and respectfully refer the Court to the docket sheet in *E.B. v. American Airlines*, No. 22-cv-4815 (E.D.N.Y.) (Vitaliano, J.) (Cho, M.J.), for an accurate recitation of the procedural history of Plaintiff's separate civil action regarding an incident on board an American Airlines flight on October 9, 2021.

32. Deny and respectfully refer the Court to the June 2023 Letter for an accurate account of the production that FBI made on June 16, 2023.

33. Deny and respectfully refer the Court to the June 2023 Letter for an accurate account of the production that FBI made on June 16, 2023.

34. Deny and respectfully refer the Court to the June 2023 Letter for an accurate account of the production that FBI made on June 16, 2023.

**IN ANSWER TO THE SECTION TITLED
"FIRST CLAIM FOR RELIEF"**

35. No response is required to paragraph 35 of the Complaint, which incorporates by reference previous allegations. To the extent that a response is deemed to be required, Defendants incorporate by reference their response to all the previous allegations as if fully set forth herein.

36. Paragraph 36 of the Complaint consists of Plaintiff's legal conclusions, to which no response is required. To the extent that paragraph 36 may be deemed to contain factual allegations, Defendants deny and respectfully refer the Court to the referenced Memorandum for Heads of Executive Departments and Agencies from the Office of the Attorney General, dated March 15, 2022, for a complete and accurate recitation of its contents.

37. Paragraph 37 of the Complaint consists of Plaintiff's legal conclusions, to which no response is required. To the extent that paragraph 37 may be deemed to contain factual allegations, Defendants deny.

38. Paragraph 38 of the Complaint consists of Plaintiff's legal conclusions, to which no response is required. To the extent that paragraph 38 may be deemed to contain factual allegations, Defendants deny.

39. Deny.

40. Paragraph 40 of the Complaint consists of Plaintiff's legal conclusions, to which no response is required. To the extent that paragraph 40 may be deemed to contain factual allegations, Defendants deny.

41. Deny.

42. Deny.

43. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Complaint, and accordingly deny.

44. Deny and aver that the FBI properly withheld from production records that are exempt from disclosure under FOIA.

45. Deny and aver that the FBI properly withheld from production records that are exempt from disclosure under FOIA.

46. Deny and aver that the FBI properly withheld from production records that are exempt from disclosure under FOIA.

47. Paragraph 47 of the Complaint consists of Plaintiff's legal conclusions, to which no response is required. To the extent that paragraph 47 may be deemed to contain factual allegations, Defendants deny.

48. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Complaint, and accordingly deny.

49. Paragraph 49 of the Complaint consists of Plaintiff's legal conclusions, to which no response is required. To the extent that paragraph 49 may be deemed to contain factual allegations, Defendants deny.

50. Deny except admit that Plaintiff purports to proceed as stated in paragraph 50.

51. Deny.

52. Paragraph 52 of the Complaint consists of Plaintiff's legal conclusions, to which no response is required. To the extent that paragraph 52 may be deemed to contain factual allegations, Defendants deny.

53. Paragraph 53 of the Complaint consists of Plaintiff's legal conclusions, to which no response is required. To the extent that paragraph 53 may be deemed to contain factual allegations, Defendants deny.

54. Deny.

**IN ANSWER TO THE SECTION TITLED
"SECOND CLAIM FOR RELIEF"**

55. No response is required to paragraph 55 of the Complaint, which incorporates by reference previous allegations. To the extent that a response is deemed to be required, Defendants incorporate by reference their response to all the previous allegations as if fully set forth herein.

56. Paragraph 56 of the Complaint consists of Plaintiff's legal conclusions, to which no response is required. To the extent that paragraph 56 may be deemed to contain factual allegations, Defendants deny and respectfully refer the Court to the referenced Memorandum for Heads of Executive Departments and Agencies from the Office of the Attorney General, dated March 15, 2022, for a complete and accurate recitation of its contents.

57. Paragraph 57 of the Complaint consists of Plaintiff's legal conclusions, to which

no response is required. To the extent that paragraph 57 may be deemed to contain factual allegations, Defendants deny.

58. Paragraph 58 of the Complaint consists of Plaintiff's legal conclusions, to which no response is required. To the extent that paragraph 58 may be deemed to contain factual allegations, Defendants deny.

59. Paragraph 59 of the Complaint consists of Plaintiff's legal conclusions, to which no response is required. To the extent that paragraph 59 may be deemed to contain factual allegations, Defendants deny.

60. Paragraph 60 of the Complaint consists of Plaintiff's legal conclusions, to which no response is required. To the extent that paragraph 60 may be deemed to contain factual allegations, Defendants deny.

61. Paragraph 61 of the Complaint consists of Plaintiff's legal conclusions, to which no response is required. To the extent that paragraph 61 may be deemed to contain factual allegations, Defendants deny.

62. Paragraph 62 of the Complaint consists of Plaintiff's legal conclusions, to which no response is required. To the extent that paragraph 62 may be deemed to contain factual allegations, Defendants deny.

63. Paragraph 63 of the Complaint consists of Plaintiff's legal conclusions, to which no response is required. To the extent that paragraph 63 may be deemed to contain factual allegations, Defendants deny.

64. Deny.

65. Deny.

66. Paragraph 66 of the Complaint consists of Plaintiff's legal conclusions, to which no response is required. To the extent that paragraph 66 may be deemed to contain factual allegations, Defendants deny.

67. Paragraph 67 of the Complaint consists of Plaintiff's legal conclusions, to which no response is required. To the extent that paragraph 67 may be deemed to contain factual allegations, Defendants deny.

The allegations set forth in the "**WHEREFORE**" clause of the Complaint constitute Plaintiff's demand for relief to which no response is required. To the extent that a response is deemed to be required, Defendants deny.

## DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted under the Freedom of Information Act, 5 U.S.C. § 552, or the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, or 28 U.S.C. § 1331.

### SECOND DEFENSE

Any agency records or information that Defendants have withheld, or will withhold, in response to Plaintiff's FOIA request may be exempt in whole or in part from public disclosure under the FOIA, 5 U.S.C. § 552 *et seq*.

### THIRD DEFENSE

Plaintiff is not entitled to compel production of records exempt from disclosure by one or more exemptions to the FOIA.

**FOURTTH DEFENSE**

The Court lacks subject matter jurisdiction over this action.

**FIFTH DEFENSE**

Plaintiff has not alleged sufficient factual or legal bases for his request for costs and attorney's fees.

**SIXTH DEFENSE**

Plaintiff's request submitted under FOIA, 5 U.S.C. § 552, as amended, does not reasonably describe the records sought.

**SEVENTH DEFENSE**

To the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents in response; however, Defendant's references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiffs; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

**EIGHTH DEFENSE**

At all times alleged in the Complaint, Defendants acted in good faith and with justification.

**WHEREFORE**, Defendants demand judgment dismissing the Complaint in its entirety, and for such other and further relief as this Court may deem just and proper.


Dated: September 29, 2023
     Brooklyn, New York

                            BREON PEACE
                            United States Attorney
                            Eastern District of New York
                            *Attorney for Defendants*
                            271-A Cadman Plaza East
                            Brooklyn, NY 11201

                 By:    /s/ *David A. Cooper*
                            DAVID A. COOPER
                            Assistant U.S. Attorney
                            (718) 254-6228
                            david.cooper4@usdoj.gov


cc:    **By ECF**
       Donald Alan Migliori *(Attorney for Plaintiff)*